U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC - 2 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SCOTTY WAYNE KILLOUGH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-611-A |
| | § | |
| RODNEY W. CHANDLER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
and
## ORDER

Now before the court for consideration is the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Scotty Wayne Killough, who is presently incarcerated at Federal Correctional Institution--Fort Worth. Having considered the petition, the response, petitioner's "response to opposition" (filed as a reply to the response), and the applicable legal authorities, the court concludes that the petition should be denied.

I.

### Background

On October 26, 2006, in case number 8168-D, petitioner was convicted of a state charge of possession of methamphetamine with intent to deliver, and sentenced to eight years' incarceration in a facility of the Texas Department of Criminal Justice ("TDCJ"). On November 29, 2007, petitioner began his community supervision

in case number 8168-D.

On September 14, 2011, a two-count indictment was filed against petitioner in case number 6:11-CR-037-C in the United States District Court for the Northern District of Texas, San Angelo Division. On September 18, 2011, petitioner was arrested in Sweetwater, Texas, by Nolan County sheriff's deputies for resisting arrest. On September 21, 2011, petitioner appeared in federal court pursuant to a writ of habeas corpus <u>ad prosequendum</u>. Petitioner remained in federal custody, and on December 22, 2011, he pleaded guilty to count one of the indictment, felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 23, 2012, the court in case number 6:11-CR-037-C sentenced petitioner to a term of imprisonment of thirty-seven months, to be followed by a three-year term of supervised release. On April 9, 2012, petitioner was returned to state custody.

On May 22, 2012, petitioner pleaded guilty in case number 17602 to the state charge of resisting arrest on September 18, 2011, and was sentenced in County Court at Law in Nolan County, Texas, to a sixty-day term of imprisonment. Petitioner received forty-one days' credit for time served following his arrest on September 18, 2011, until October 28, 2011. On June 20, 2012, petitioner's state community supervision was revoked in case

2

number 8168-D, and petitioner was sentenced to an additional term of imprisonment of five years. Petitioner received 377 days of credit towards his state sentence, including the period from April 9, 2012, when petitioner was returned to state custody following the sentencing in case number 6:11-CR-037-C, to June 20, 2012, the date his state term began in case number 8168-D. On June 4, 2013, petitioner completed his term of imprisonment in the TDCJ, and was released to federal custody to begin the term of imprisonment imposed in case number 6:11-CR-037-A.

II.

Grounds of the Petition

In the instant action, petitioner asks to receive credit towards his federal sentence for his entire period of incarceration from September 16, 2011 to June 2013, even though he served a substantial portion of that time in state custody for state charges. As grounds for this relief, petitioner relies on the Fifth Circuit Court of Appeals's decision in Pierce v. Holder, 614 F.3d 158 (5th Cir. 2010) (per curiam), and the Bureau of Prisons's program statement 5160.05.

III.

Analysis

The court first addresses petitioner's reliance on program statement 5160.05, which authorizes the Bureau of Prisons, under

certain circumstances, to designate a state institution for concurrent service of a federal sentence. In particular, section 5160.05(9)(b)(4) allows an inmate to request a <u>nunc pro tunc</u> designation, which the Bureau of Prisons considers as a "request for pre-sentence credit towards a federal sentence for time spent in service of a state sentence." Upon receipt of such a request, the Bureau of Prisons reviews the prisoner's record, including consideration of whether the federal judgment of conviction orders that the federal sentence be served consecutive to, or concurrent with, the state sentence. If the federal judgment of conviction is silent on the subject, the Bureau of Prisons contacts the sentencing court to determine the court's position on how the federal sentence is to run in relation to the state sentence.

In the instant action, petitioner, while still in state custody, submitted a request to the Bureau of Prisons for <u>nunc pro tunc</u> designation. Upon receipt of petitioner's request, the Bureau of Prisons gathered the pertinent records, including the March 23, 2012 judgment of conviction in case number 6:11-CR-037-C. Because that judgment was silent as to whether the federal sentence was to run consecutive to, or concurrent with, petitioner's state sentence, the Bureau of Prisons contacted the sentencing court to determine whether the court had any

4

objections to a retroactive designation, the effect of which would be to run petitioner's federal sentence concurrently with his state sentence. The judge of that court responded unambiguously: "I oppose any running of the federal sentence concurrently to the state sentence." App. in Supp. of Resp. in Opp'n to Pet. for Writ of Habeas Corpus at 20. After considering the relevant factors, including the sentencing court's opposition, the Bureau of Prisons denied petitioner's request for nunc pro tunc designation.

In this action, petitioner objects to the Bureau of Prisons's denial of his request for nunc pro tunc designation. However, he has cited no authority that would authorize or require the court to overturn that decision.

Petitioner's reliance on the Fifth Circuit's decision in Pierce is unavailing. In that case, the Fifth Circuit found that the district court did not have jurisdiction to rule on a prisoner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 because the Bureau of Prisons had not yet decided the prisoner's nunc pro tunc request at the time the court made its ruling. Pierce, 614 F.3d at 160. In contrast, the Bureau of Prisons in the instant action made its decision on petitioner's nunc pro tunc request before petitioner filed his application pursuant to § 2241. Additionally, the sentencing court in the

instant action clearly stated his objection to running petitioner's federal sentence concurrently with his state sentence. Under these circumstances, petitioner is entitled to no relief from the Bureau of Prison's denial of his <u>nunc pro tunc</u> request. See <u>Washington v. Chandler</u>, ___ F. App'x ___, No. 12-10857, 2013 WL 3240029 (5th Cir. May 14, 2013) (per curiam) (affirming denial of petitioner's motion pursuant to § 2241 challenging Bureau of Prison's denial of request for <u>nunc pro tunc</u> designation).

An additional basis for denying the motion is that the Bureau of Prisons reviewed petitioner's record following the filing of the instant petition, and subsequently credited petitioner with 163 days' credit towards his federal sentence for the time he spent in federal custody from October 29, 2011, through April 8, 2012.[1] From April 9, 2012, through June 4, 2013, petitioner was in the custody of the TDCJ on his state charges. Petitioner received credit towards his state sentence for that time served, and he is not also entitled to duplicate

---

[1] Respondent argues that the State of Texas had primary jurisdiction over petitioner from the time of his arrest on September 18, 2011, through April 8, 2012, and that he was only "loaned" to the federal government on a writ of habeas corpus <u>ad prosequendum</u>. In his reply, petitioner contends that the September 18, 2011 arrest was accomplished by the sheriff's deputies on behalf of the federal government, so he was really under federal jurisdiction during that time. Pages from petitioner's sentencing transcript appear to support petitioner's position. However, inasmuch as the Bureau of Prisons has now credited petitioner's federal sentence with the time spent in federal custody during the foregoing time period, it appears petitioner would be not be entitled to any additional relief.

credit towards his federal sentence for the same period.  Hence, it appears that petitioner has received all the relief to which he is entitled.

IV.

Order

Therefore,

The court ORDERS that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Scotty Wayne Killough be, and is hereby, denied.

SIGNED December 2, 2013.

_____
JOHN McBRYDE
United States District Judge